IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD J. LEWIS,

    Petitioner,                      No. CIV S-06-0481 MCE EFB P

    vs.

M. VEAL, Warden, et al.,           <u>ORDER</u>

    Respondents.

_____/

       Petitioner is a state prisoner proceeding pro se and in forma pauperis with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 20, 2007, the Federal Defender requested appointment as counsel for petitioner in this action, and has asked that Keith Wattley be specifically appointed. In light of the complexity of the legal issues involved, the court has determined that the interests of justice require appointment of counsel. *See* 18 U.S.C. § 3006A(a)(2)(B); *see also Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). A status conference was held on May 2, 2007, in which the court directed respondent to file a response to petitioner's motion for discovery.

       On February 23, 2007, petitioner filed a request for discovery of the Executive Case Summary prepared for use by Governor Schwarzenegger in consideration of petitioner's grant of parole. Petitioner argues that because the Governor overturned the Board's finding that he was

1

1 suitable for release on parole, and because he did so, in part, based on a description of petitioner, "in regard to his history of interviews with psychological evaluators," which petitioner claims was "'factually wrong,'"[1] Petitioner argues that he has a due process interest in ascertaining the factual accuracy of the Executive Case Summary used in the Governor's decision-making process that resulted in reversal of the Board's grant of parole.

Respondent filed an opposition to this discovery request on May 16, 2007, arguing that petitioner has failed to show good cause for the reason that the court's inquiry on habeas is limited to whether the state court's decision was contrary to or an unreasonable application of clearly established federal Supreme Court law.  That argument is a non sequitur.

The point is well taken that this action involves review of the state court record.  But entitlement to discovery cannot be conflated with the question of entitlement to the relief sought in the petition.  Habeas litigants may "invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so."  Rule 6(a), Rules Governing Section 2254 Proceedings.  Discovery may be granted either in anticipation of an evidentiary hearing or to resolve the matter on the merits without a hearing.  *See Blackledge v. Allison*, 431 U.S. 63 (1977).  Good cause exists when petitioner has made specific allegations demonstrating that there is good reason to believe that through factual development, petitioner may prevail on his claim. *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997).  This standard permits the use of discovery to establish a prima facie case for relief.  *See Bracy*, 520 U.S. at 906-09; *see* Rule 6, Rules Governing Section 2254 Proceedings, Advisory Committee Note ("Discovery may, in appropriate cases, aid in developing facts necessary to decide whether to order an evidentiary hearing or to grant the writ following an evidentiary hearing.").

---

[1] Petitioner references page 2 of the Addendum to Psychosocial Assessment attached as Exhibit A to the motion for discovery, and cites to *In re Elkins*, 2006 DJDAR, n. 12 at 14499 (October 31, 2006), recognizing the "likelihood" that the Governor relied on the ECS).

Respondent contends that, at a parole consideration hearing, petitioner is only entitled to an opportunity to be heard, and if he is denied parole, a decision advising him in what respects he falls short of qualifying for parole. *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 16 (1979). It is clear to the court that petitioner seeks discovery of the Executive Case Summary in his case precisely for the purpose of learning "in what respect he falls short of qualifying for parole," especially in light of the fact that parole was granted by the Board, yet reversed by the Governor.

Respondent argues further that the record demonstrates that the Governor looked at the same record as the Board. Discovery of the Executive Case Summary would only confirm this contention. Or, if the contention is mistaken, its discovery would refute it. Respondent claims that there is no evidence that the Governor, in reversing the Board's decision, relied on information outside the record and not considered by the Board. Again, this claim can either be bolstered by discovery of evidence that points to that same conclusion, or, refuted by evidence that disproves it. Petitioner argues that the Governor reversed the Board's grant of parole based on "factually wrong" information. The Executive Case Summary contains the only information that the Governor may have relied upon that was separate from that considered by the Board. Petitioner has demonstrated good cause, therefore, for discovery of the Executive Case Summary.

Accordingly, IT IS HEREBY ORDERED that:

1. Keith Wattley of 1300 Clay Street, Suite 600, Oakland, California, 94612, is appointed to represent petitioner.

2. The Clerk of the Court is directed to serve a copy of the petition and this order on Keith Wattley.

3. Petitioner's counsel shall contact the Clerk's Office to make arrangements for copies of documents in the file.

////

4. Petitioner's request for discovery of the Executive Case Summary prepared for the Parole Board after the panel's decision finding petitioner suitable for parole is granted. Respondent shall provide petitioner with the requested discovery within 30 days of the date this order is served.

DATED: December 3, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4